IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SABINE SIMMONS,                           )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )      Case No. 2:18-cv-640-MHT-SMD
                                          )
ALABAMA STATE UNIVERSITY                  )
and LEON C. WILSON,                       )
                                          )
            Defendants.                   )

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Before the Court is Defendants' Motion to Dismiss, or in the alternative, Motion to Compel Discovery. (Doc. 37). Defendants' Motion seeks dismissal of this case due to Plaintiff's failure to submit answers to Defendants' Interrogatories and Request for Production of Documents. (Doc. 37, p. 1). Alternatively, Defendants seek an order compelling Plaintiff to answer Defendants' written discovery requests. In her Response, Plaintiff explains that she submitted answers to Defendants' discovery requests on the same day that Defendants filed the pending Motion—December 29, 2020. (Doc. 38, pp. 1–2, ¶¶ 2–3). Plaintiff acknowledges that she agreed to submit her answers on December 28, 2020, but maintains that her delay did not prejudice Defendants. (Doc. 38, pp. 1–2, ¶ 3).

Defendants' Motion should be denied in its entirety. To begin, Plaintiff has answered Defendants' written discovery requests. Defendants' Motion to Compel Discovery should therefore be denied as moot. Next, Plaintiff's one-day delay in answering Defendants' discovery requests does not warrant dismissal of this case. The Eleventh

Circuit has explained that the sanction of dismissal is appropriate only when there is: (1) a clear record of willful conduct, and (2) a finding that lesser sanctions are inadequate. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). Here, Defendants have shown neither that Plaintiff willfully submitted her answers late nor that Plaintiff has a pattern of submitting untimely answers to discovery requests. The undersigned further finds that the extreme sanction of dismissal would be inappropriate in this case. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances."). Defendants' Motion to Dismiss should therefore be denied.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Defendants' Motion to Dismiss, or in the alternative, Motion to Compel Discovery (Doc. 37) be DENIED in its entirety.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **January 29, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d

404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 15th day of January, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE