IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| SABINE SIMMONS, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | 2:18cv640-MHT |
| | ) | (WO) |
| ALABAMA STATE UNIVERSITY | ) | |
| and LEON C. WILSON, | ) | |
| | ) | |
|    Defendants. | ) | |

## ORDER

Now before the court are plaintiff Sabine Simmons's objections (Doc. 89) to defendants Alabama State University and Leon C. Wilson's bill of costs (Doc. 88). Simmons appears to ask the court to deny taxation of costs against her because of her financial status. With regard to her objections, the court makes two observations.

First, Simmons incorrectly states that the standard for taxation of costs is the same as that for awarding attorney's fees. An award of attorney's fees to a prevailing defendant in an action brought under Title

VII requires the court to find "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). In contrast, under Federal Rule of Civil Procedure 54(d)(1), "there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). The court has discretion not to award the full amount of costs incurred by the prevailing party, but "[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).[1]

---

1. Simmons notes that 28 U.S.C. § 1920 places limits on what items may be taxed as costs. *See Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) ("[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920."). But she makes no argument

Second, as stated, it appears that Simmons asks the court not to tax costs against her because of her financial status. The Eleventh Circuit Court of Appeals has held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."[2] *Id.* However, before considering the non-prevailing party's financial status, the court "should require substantial documentation of a true inability to pay." *Id.*; *see also id.* (requiring "clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered"). And even if the court chooses to consider the non-prevailing party's financial circumstances, the court "may not decline to award any costs at all." *Id.*

---

explaining why the fees enumerated in the defendants' bill of costs may or may not be taxed under § 1920.

2. However, to the extent Simmons asks the court to consider any financial disparity between herself and the defendants, the Eleventh Circuit has instructed that the court "should not consider the relative wealth of the parties." *Id.*

3

Simmons fails to provide any documentation of her financial circumstances as required by *Chapman* in order for the court to consider those circumstances as a basis for reduction of an award of costs. The court will, however, give her an opportunity to do so.

\*\*\*

Accordingly, it is ORDERED that:

(1) Plaintiff Sabine Simmons is allowed until September 29, 2021, to file a supplemental brief (with documentation of her financial circumstances) explaining in detail why the court should sustain her objections (Doc. 89).

(2) Defendants Alabama State University and Leon C. Wilson are allowed until October 6, 2021, to file a response.

(3) Plaintiff Simmons is allowed until October 13, 2021, to file a reply.

DONE, this the 22nd day of September, 2021.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**