```
       IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

         MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


SABINE SIMMONS,                )
                               )
     Plaintiff,                )
                               )      CIVIL ACTION NO.
     v.                        )       2:18cv640-MHT
                               )           (WO)
ALABAMA STATE UNIVERSITY       )
and LEON C. WILSON,            )
                               )
     Defendants.               )
```

## ORDER

Plaintiff Sabine Simmons brought multiple federal claims against defendants Alabama State University (ASU) and former ASU Interim President Leon C. Wilson, in his individual capacity, asserting retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e-2000e-17; race discrimination in violation of 42 U.S.C. § 1983; and retaliation in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654. Simmons brought the Title VII claim against ASU, the § 1983

claim against Wilson, and the FMLA claim against both. The court granted summary judgment in favor of the defendants on all claims. *See Simmons v. Ala. State Univ.*, No. 2:18cv640–MHT, 2021 WL 3375671 (M.D. Ala. Aug. 3, 2021) (Thompson, J.); *Simmons v. Ala. State Univ.*, No. 2:18cv640–MHT, 2021 WL 3861651 (M.D. Ala. Aug. 30, 2021) (Thompson, J.).

This case is again before the court, this time on Simmons's objections and supplemental objections to defendants' bill of costs. The objections and supplemental objections will be overruled, and Simmons will be taxed with all costs.

Simmons objected to the bill of costs and asked the court to deny taxation of costs against her because of her financial status. (Simmons did not identify and challenge any particular items of costs as not taxable.) Counsel for Simmons stated the incorrect legal standard for taxation of costs, did not identify specific items in the bill of costs to which Simmons objected, and provided no documentation of Simmons's

financial circumstances. The court issued an order identifying the controlling Eleventh Circuit case, *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc), and setting forth the correct legal standard for taxation of costs and permitted Simmons to file a supplemental brief with documentation of her financial circumstances. *See* Order (Doc. 90). Counsel for Simmons filed supplemental objections, the majority of which is copied wholesale from the original objections, together with an affidavit of Simmons stating that she cannot afford to pay the costs but lacking any concrete evidence of her financial circumstances—any supporting dollar figures regarding her income, expenses, debts, or other financial burdens. In response, the defendants noted that Simmons failed to provide such concrete evidence of her financial situation—evidence not only that the court could analyze, but also to which the defendants could respond. The defendants also noted that, when Simmons was deposed eight months ago, she reported that she was

employed in a full-time position with a salary of $ 74,000 and that she also worked part-time in another position. Despite being given an opportunity to respond to the defendants' arguments and representations, *see* Order (Doc. 90), and thus cure the evidentiary deficiencies in her original and supplemental objections and challenge the income evidence presented by the defendants, counsel for Simmons filed no reply.

As stated in the prior order, under Federal Rule of Civil Procedure 54(d)(1), "there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). The defendants request that the court tax $ 4,651.36 in "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" as costs, pursuant to 28 U.S.C. § 1920(2). The bill of costs includes invoices for transcripts of depositions, the costs of which are taxable. *See United States E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620

4

(11th Cir. 2000). The court has discretion not to award the full amount of costs incurred by the prevailing party, but "[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman*, 229 F.3d at 1039. The court may, but need not, consider the non-prevailing party's financial status. *See id*. However, before considering the non-prevailing party's financial status, the court "should require substantial documentation of a true inability to pay." *Id.; see also id.* (requiring "clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered"). Because Simmons has not provided "substantial documentation" of her financial circumstances, the court lacks concrete evidence as to what Simmons can and cannot pay and thus does not have a sound basis to deny full costs. Indeed, the concrete evidence before the court reflects, if anything, that Simmons enjoys a substantial salary.

5

\*\*\*

Accordingly, it is ORDERED that plaintiff Sabine Simmons's objections (Doc. 89) and supplemental objections (Doc. 91) to the bill of costs are overruled, and plaintiff Simmons is taxed with costs in the amount of $ 4,651.36, for which execution may issue.

DONE, this the 19th day of October, 2021.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**